# MARCH 11, 1936

### L. B. CUPIT v. THE STATE.

No. 18006.   Delivered March 11, 1936.

The opinion states the case.

*Minton & Minton,* of Hemphill, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft; punishment, two years in the penitentiary.

Mr. Pratt claimed to have lost an automobile about 7 p. m. on September 17, 1934. He said he left his key in the car, and left the car about fifty yards from his house, and that about 1 o'clock that night he discovered the car was gone. No one who gave testimony ever saw Pratt's car after he parked it near his house, as above stated. He lived in Sabine County, Texas. The sheriff of said county was allowed, over objection, to testify to a conversation he had with appellant after the disappearance of said car, in which conversation appellant said that he and one DeFee "Pushed it off," and that they carried it down below Houston, parked it in a pine grove and left it. The record reveals a sharp contest in the court below as to how, when and under what circumstances this statement was made. Appellant contended it was made the first time the officer saw him after the alleged theft, and while he was in custody. The State contended that it was made after the examining trial of appellant and after he had made bond. The officer's testimony furnished support for both contentions, he swearing at one time appellant did not make bond until after his examining trial, and that appellant gave him the above information the first time he saw him after the alleged theft and before the examining trial. On the other hand, the officer affirmed that when the statement was made appellant had made bond. This statement of the officer contains the ·State's entire testimony supporting the proposition that appellant took the car; and at the conclusion of the hearing appellant asked a charge, in substance, that unless the jury found that this statement of his, testified to by the officer, was made at a time when appellant was not under arrest and not in custody,—the jury should acquit. Under the rather meager and peculiar facts in this record the substance of said charge should have been given the jury.

Appellant also asked that the jury be told that unless they believed from the testimony beyond a reasonable doubt that when appellant took the car,—if he did so do,—he intended to appropriate same, they should find him not guilty. We think this charge should have been substantially given. We are not to be understood as holding or intimating that one may take the property,—car or otherwise,—of another and carry it a

distance away from the home of the owner, and leave it under circumstances such as that a jury might not conclude that same was taken with intent to deprive the owner of his said property, and with intent to appropriate same to the use and benefit of the taker,—but we are merely holding it the duty of trial courts to submit in the charge all issues, defensive and otherwise, which have reasonable support in testimony. No witness ever saw appellant in possession of said car. No witness testified to any conversation with or statement made by appellant concerning the car save the testimony of the officer referred to. The distance from Sabine County to Houston is not shown. Nothing in the record sheds light on what may have been the purpose of appellant in taking the car,—if he did so,—from Sabine County to Houston, save the statement of the officer that appellant told him he parked it in a pine grove and left it. Hearsay statements of some person named Payne to the officer, in effect, that he had found the car stripped and burned, were admitted in evidence without objection. How long this was subsequent to the loss of the car and the circumstances under which it was so found, are not in the record.

Believing the court in error in the refusal of the two special charges mentioned, both of which were properly requested by the appellant, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*